**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:16 AM November 22, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MITCHELL THOMAS BIENIEK AND CHERI LYNN BIENIEK, | ) | CASE NO. 16-62113 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| | ) | |

    Now before the court is Mitchell and Cheri Bieniek's ("Debtors") Motion to Extend the Automatic Stay. On October 13, 2016, Debtors filed a Motion to Extend Automatic Stay arguing that the filing of this bankruptcy petition was in good faith due to changed circumstances. On October 21, 2016, Wayne Savings Bank ("Wayne Savings") filed an objection arguing that the extension serves only to delay the foreclosure sale of Debtors' house. On November 9, 2016, a hearing was held on the Motion to Extend the Automatic Stay. James Hausen appeared on behalf of Debtors and Wayne Zacour appeared on behalf of Wayne Savings.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## Facts

Debtors filed two previous bankruptcy cases under chapter 13. On October 9, 2007, Debtors filed a chapter 13 petition (Case No. 07-63059) staying the first foreclosure sale of their home. On October 23, 2012, Debtors received a discharge in their initial case. After receiving a discharge in their initial bankruptcy case Mr. Bieniek lost his job. Because of the lack of employment Debtors again fell behind on their mortgage payments. (Secured a new job) On November 26, 2014, Debtors filed a second chapter 13 petition (Case No. 14-62592). During the pendency of Debtors' second case Mr. Bieniek lost his new job. On August 15, 2016, Debtors' second bankruptcy case was dismissed for failing to make plan payments. After Debtors' second case was dismissed Mr. Bieniek was able to secure employment again. On October 12, 2016, Debtors filed their current bankruptcy case. Currently, Mr. Bieniek earns $12 per hour at Metals USA and is on call during weekends in the winter for snow removal that pays $16.15 per hour. Mrs. Bieniek is also employed earning $9.70 per hour at Midwest Health.

The initial loan was made by Wayne Savings in 1998 for $52,000. Debtors fell behind making payments in 2007 and a foreclosure sale was set for October 10, 2007. Debtors again feel behind on their mortgage payments in 2014 and a second foreclosure sale was set for December 3, 2014. Both sales were stayed by Debtors' previous bankruptcy cases. Following the dismissal of Debtors' second bankruptcy case a foreclosure sale was set for October 19, 2016. Currently, Debtors owe a total of $33,489.22 including an arrearage of $4,329.76. According to Mr. Zacour, the per diem rate is four dollars, and the arrearage includes costs, fees, and titles.

## Law and Analysis

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the automatic stay terminates "with respect to the debtor on the 30th day after the filing of the later case," unless the court extends the stay. 11 U.S.C. § 362(c)(3)(A). A debtor may file a motion to extend the automatic stay, only "after notice and a hearing completed before the expiration of the 30-day period…." Id. § 362(c)(3)(B). In order to extend the stay, the court must find that Debtors filed their current case in good faith as to the creditors to be stayed. Id. According to § 362(c)(3)(C), a rebuttable presumption that a second case is not filed in good faith arises under certain circumstances. Section 362(c)(3)(C) provides:

> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
> (i) as to all creditors, if—
>> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> (bb) provide adequate protection as ordered by the court; or
> (cc) perform the terms of a plan confirmed by the court; or

Debtors filed their current case on October 12, 2016. The current filing was within one year of their previously dismissed case. On October 13, 2016, Debtors filed their motion. On November 9, 2016, a hearing was held in the matter. Debtors' motion and the subsequent hearing were completed within the 30-day period as required by § 362(c)(3)(B).

Here, a presumption of bad faith is present. Debtors second bankruptcy case was dismissed for failure to make plan payments after the confirmation of a plan. Debtors did not perform the terms of their confirmed plan. Debtors may rebut this presumption of bad faith by "clear and convincing evidence" that the filing was still made in good faith. Id. § 362(c)(3)(C).

In determining whether the presumption of bad faith has been rebutted, courts consider the totality of circumstances. In re Ferguson, 376 B.R. 109, 121 (Bankr. E.D. Pa. 2007); see also In re Francis, 273 B.R. 87 (6th Cir. B.A.P. 2002) (discussing the factors to consider when conducting a good faith analysis). In chapter 13 cases the two primary areas of inquiry are "1) what are the reasons why the debtor's previous plan failed, and 2) what has changed in the debtor's circumstances so that the present plan is likely to be successful." 3 Collier on Bankruptcy ¶ 362.06 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) (citing In re Elliott-Cook, 357 B.R. 811, 815 (Bankr. N.D. Cal. 2006)). A debtor that can make a showing of changed circumstances or provide reasons for success in the present case is likely to successfully rebut the presumption of bad faith. In re Riedy, 517 B.R. 88 (Bankr. W.D. Mich 2014); In re Williams, 390 B.R. 780 (Bankr. S.D.N.Y. 2006).

Debtors have sufficiently demonstrated changed circumstances such that their plan is likely to be successful. At the hearing Debtors appeared and explained that they both were employed. Previously when employed, Debtors were able to make regular payments and received a discharge in their first case. It was only when Mr. Bieniek lost regular employment that they were unable to complete the plan payments. Additionally, according to Schedule I (Docket #1) Debtors have $2,799.06 in monthly income. Debtors' monthly income is greater than when Debtors were able to complete their first bankruptcy case and earn a discharge. From the facts presented at the hearing and the Debtors' bankruptcy petition Debtors have successfully shown that their plan is likely to be successful. Accordingly, Debtors have shown by clear and convincing evidence that their filing of the current chapter 13 petition was filed in good faith.

Based on the above reasoning, Debtors' Motion to Extend the Automatic Stay is **GRANTED**. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List**:

**Mitchell & Cheri Bieniek**
826 Mindy Ln
Wooster, OH 44691

**John R Bates**
436 Fair Avenue NW
New Philadelphia, OH 44663-1904

**Wayne Zacour**
140 W. Liberty Street
P.O. Box 218
Wooster, OH 44691

**Toby L Rosen, Trustee**
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702